RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/16/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERMAINE S. FOSTER | DOCKET NO. 12-Cv-2689; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Jermaine S. Foster is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the United States Penitentiary in Angola, Louisiana. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner attacks aggravated rape and attempted forcible rape convictions of 1998, and the sentences imposed thereon by the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### Background

On December 9, 1998, Petitioner was convicted of Aggravated Rape and Attempted Forcible Rape by Judge Ross Foote in the Ninth Judicial District Court. Petitioner was sentenced to consecutive life sentences on the count of aggravated rape and twenty years at hard labor on the count of attempted forcible rape. [Doc. #1-2, p.2] Petitioner appealed his conviction and sentence in the Louisiana Third Circuit Court of Appeal. The appellate court

affirmed the conviction and sentences on October 13, 2009 (Third Circuit, No. 99-274). Petitioners application for supervisory writ was denied by the Louisiana Supreme Court on June 2, 2000. State v. Foster, 1999-KO-3542; 763 So.2d 593 (2000).

Petitioner filed an application for post conviction relief in the Ninth Judicial District Court in October 2010, which was denied on October 14, 2010. [Doc. #1, p.6-7] Petitioner sought writs in the Third Circuit, which were denied on an unspecified date. Petitioner's writ application in the Louisiana Supreme Court was denied on September 12, 2012.

## Law and Analysis

1.  **Timeliness under §2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a **one-year** statute of limitations for the filing of an application for writ of habeas corpus by a person such as Petitioner who is in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

---

[1] Nothing in the record suggests that any State created impediments prevented the filing of the instant petition. Further, petitioner has not identified a constitutional right *newly recognized* by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. See 28 U.S.C. § 2244(d)(1)(B),(C),and (D).

2

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). **Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.** See Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999), *citing* Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence in Louisiana's appellate and supreme courts. The Louisiana Supreme Court denied writs on June 2, 2000, and Petitioner had ninety days thereafter to seek review in the United States Supreme Court. Petitioner did not seek further review; thus, his conviction became final for AEDPA purposes on or about September 2, 2000, approximately ninety days after June 2, 2000. Therefore, Petitioner had one year from September 2, 2000, or until on or about September 2, 2001, to file his federal habeas corpus petition. The petition was not filed until October 15, 2012.

Petitioner cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because his application for post-conviction relief was

3

not filed until 2010, which is approximately nine years after the one year statute of limitations in Section 2244 had expired. Thus, the available evidence establishes that the instant petition is time-barred.

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S Ass'n, 932 F.2d 473, 478 (5th Cir.1991)).

Nothing of record supports equitable tolling of the statute of

limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this 15th day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE